# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-08-00308-CR

**Karl Wayne Thomas, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
### NO. 31906, HONORABLE DANIEL H. MILLS, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

A jury found appellant Karl Wayne Thomas guilty of aggravated assault and assessed his punishment at ten years and six months in prison. *See* Tex. Penal Code Ann. § 22.02 (West Supp. 2008). In a single issue, appellant complains of the trial court's failure to sustain his challenge to a venire member. Finding no abuse of discretion, we affirm the conviction.

The panelist in question, Richards, identified himself as "retired law enforcement for about 29 years" and indicated that his professional experiences might cause him to have a bias. Questioned individually by defense counsel, Richards stated that he "would be more apt to believe an officer. I have seen too many instances where witnesses give a complete 180 degree accounting of what is actually on the video." He acknowledged that "that's not in all cases," but said, "I am more predisposed to law enforcement." The prosecutor asked Richards, "While we may have a predisposition, can you set that aside and judge each witness by their testimony when it come[s] from

the stand whether they're an officer or not?" Richards replied, "I would do that, yes." The trial court then asked Richards, "So you can set aside your—if you want to call it a predisposition to please law enforcement and evaluate each and every witness based upon [what] you hear and see?" Richards answered, "That is correct."

A potential juror is challengeable for cause if he cannot impartially judge the credibility of witnesses. *See* Tex. Code Crim. Proc. Ann. art. 35.16(a)(9) (West 2006); *Ladd v. State*, 3 S.W.3d 547, 560 (Tex. Crim. App. 1999). This means only that jurors must be open-minded and persuadable, with no extreme or absolute positions regarding the credibility of any witness. *Ladd*, 3 S.W.3d at 560. A venire member is not challengeable for cause simply because he would give certain classes of witnesses a slight edge in terms of credibility. *Id*. Richards did not manifest an extreme or absolute belief in the credibility of police officers that would be disqualifying. The trial court did not abuse its discretion by overruling appellant's challenge.

The issue is overruled, and the judgment of conviction is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Puryear and Pemberton

Affirmed

Filed: December 3, 2008

Do Not Publish

2